# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION

| | |
|---|---|
| SUSAN TUBBS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RECREATION UNLIMITED, L.L.C., ) <br> SUZUKI MOTOR OF AMERICA, INC., ) <br> ) <br> Defendants. ) | Civil Action No. _____ <br><br> Removed from the Circuit Court of Meigs County, Tennessee <br> Case No. 2019-CV-21 |

## NOTICE OF REMOVAL

Defendant Suzuki Motor of America, Inc. ("SMAI"), pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 15 U.S.C. § 2310, hereby gives notice of the removal of the above-entitled action from the Circuit Court of Meigs County, Tennessee to the United States District Court for the Eastern District of Tennessee, Southern Division. As grounds for removal, SMAI states as follows:

1. On May 31, 2019, Plaintiff filed a Complaint against Recreation Unlimited and SMAI in the Circuit Court of Meigs County, Tennessee, Case No. 2019-CV-21.

2. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders in this action are attached hereto as **Exhibit A**.

3. This removal is timely under 28 U.S.C. § 1446(b) because SMAI was served with a copy of the complaint and summons on June 12, 2019.

4. Upon information and belief, co-defendant Recreation Unlimited has not been served, and therefore, its consent is not required to remove this action. *Beasley v. Wells Fargo Bank, N.A.*, No. 3:17-CV-00726, 2017 WL 2670892, at *3 (M.D. Tenn. June 21, 2017).

5. This action is properly removable under 28 U.S.C. § 1441(a) because this is a civil action brought in a state court of which the district courts of the United States have original jurisdiction.

**ORIGINAL JURISDICTION**

6. Plaintiff brings this action pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq.

7. The Magnuson-Moss Warranty Act is a federal law that authorizes suit for consumers who are damaged by the "failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(1).

8. The Act authorizes suits brought pursuant to the Act whose amount in controversy meets or exceeds $50,000 to be brought in an appropriate district court of the United States. 15 U.S.C. § 2310(d)(1)(B). The amount in controversy is "computed on the basis of all claims to be determined." *Id.*

9. The United States District Court for the Eastern District of Tennessee therefore has original federal question jurisdiction over this action. *See* 28 U.S.C. § 1331.

**AMOUNT IN CONTROVERSY**

10. SMAI maintains a good faith belief that the amount in controversy exceeds $50,000. *See* 15 U.S.C. § 2310(d)(3)(B).

11. Specifically, in her complaint, Plaintiff claims that both Recreation Unlimited and SMAI breached express and implied warranties on a boat and boat motor that Plaintiff purchased through a third party. *See* Compl. ¶¶ 5–10. Based on this breach, Plaintiff seeks damages for diminution in value, incidental and consequential damages, and repair costs. *Id.*

12. Plaintiff also seeks revocation damages in the form of all monies paid and satisfaction of all liens. *Id.* at ¶ 8.

13. At the outset, the amount in controversy under the Magnuson-Moss Warranty Act is "computed on the basis of *all claims to be determined* in this suit." 15 U.S.C. § 2310(d)(3)(B) (emphasis added).

14. Further, while a Magnuson-Moss Warranty Act cause of action is federal in nature, the Act calls for application of state warranty law. *Owenga v. Volkwagen Grp. Of Am., Inc.*, No. 16-cv-2374-SHL-tmp, 2017 WL 3671376, at *3 (W.D. Tenn. July 13, 2017) ("While a cause of action under Magnuson-Moss is federal in nature, except in the specific instances in which Magnuson-Moss expressly prescribes a regulating rule, the Act calls for the application of state written and implied warranty law, not the creation of additional federal law."); *see also Temple v. Fleetwood Enters., Inc.*, 133 F. App'x 254, 268 (6th Cir. 2005).

15. Tennessee warranty law therefore governs the calculation of damages. *See Harnden v. Jayco, Inc.*, 496 F.3d 579, 582 (6th Cir. 2007) ("We may consider this state-law claim in computing whether the amount-in-controversy requirement is met."); *see also Golden v. Gorno Bros.*, 410 F.3d 879, 882 (6th Cir. 2005) (applying Michigan state law in removal under Magnuson-Moss Warranty Act).

16. Damages for breach of warranty are measured as "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted." Tenn. Code Ann. § 47-2-714.

17. Where a good is useless to the plaintiff and of no value because it cannot perform the function it was warranted to perform, § 47-2-714 damages are determined by the purchase price of the good. *See Tidy Didy Di-Deeland, Inc. v. Bristol Jeans, Inc.*, APP. NO. 03A01-9301-

3

CV-00007, 1993 WL 209550, at *3 (Tenn. Ct. App. June 15, 1993).

18. The Plaintiff avers that the boat "cannot be utilized" for its intended use. Compl. ¶ 2. Plaintiff also does not believe the boat is safe or reliable, *id.* at ¶ 4, and the boat is "not fit for the ordinary and essential purpose" for which it was intended, *id.* at ¶ 11. For that reason, the boat has been out of commission for six months. *Id.* at ¶ 3. With alleged defects in the hull, motor, props, fuel tank, gel coat, front hatch, brake line, prop housing, GPS, canvas, seats, and storage lid, Plaintiff contends that the boat is "useless" to her. *Id.* The purchase price is therefore the measure of damages. *Bristol Jeans*, 1993 WL 209550, at *3; *see also Golden v. Gorno Bros.*, 410 F.3d 879, 885 (6th Cir. 2005) (calculating amount in controversy based on "the difference between the cost of a replacement vehicle," which the court identified as the pre-tax purchase price, and "the present value of the [item]").

19. Even excluding sales tax, the document fee, and the retail discount, the boat's purchase price is $52,169.20. Compl. Ex. A. The total package price was $58,245. *Id.* The total cash price was $50,120.80. *Id.* The amount financed was $54,620.80. *Id.* The pre-tax purchase price is $57,040. *Id.* Thus, however the purchase price is calculated, it exceeds the federal jurisdictional threshold imposed by the Magnuson-Moss Warranty Act. 15 U.S.C. § 2310(d)(3)(B).

20. Accordingly, the requisite amount in controversy for federal jurisdiction is satisfied.

**PROPER COURT FOR REMOVAL**

21. The United States District Court for the Eastern District of Tennessee, Southern Division, is the appropriate court for filing a notice of removal from the Circuit Court of Meigs County. *See* 28 U.S.C. § 123(a)(3). Thus, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, SMAI respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Meigs County to the United States District Court for the Eastern District of Tennessee.

Respectfully submitted,

 /s/ Brian R. Epling
C. Meade Hartfield (TN Bar No. 024987)
Brian R. Epling (TN Bar No. 034728)
BRADLEY ARANT BOULT CUMMINGS LLP
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, TN 37203
615.252.2340 (phone)
615.248.3030 (fax)
mhartfield@bradley.com
bepling@bradley.com

*Counsel for Defendant*
*Suzuki Motor of America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2019, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and/or via first-class U.S. mail, postage prepaid, upon all counsel as indicated below. Parties may also access this filing through the Court's ECF system.

>Paul K. Guibao
>WEISBERG CONSUMER LAW GROUP
>242 Poplar Avenue
>Memphis, TN 38103
>888-565-3555 (phone)
>866-577-0963 (fax)
>pguibao@afclaw.com

 /s/ Brian R. Epling
Brian R. Epling